Appeals number 04-15-00477-CV
Court case number 14-09-12373DJVA
Motion requesting ADR
Styled David Sab V Kathryn Sab

Dear 4th court,
Appellee come before the court per local rule 2 requesting ADR for the above styled and case number. Requesting relief under local rule 4 stays in civil cases, to allow the disposition of the attached IRS lien. The lien attaches property awarded to both parties in the final decree of divorce.

## History

On 8-21-15 appellee received a notice from appellant attorney Demetrio Duarte titled Appellee deficiency notice suggesting many different claims. The document is quite lengthy and contains many accusations and from its contents it appears some of the issues have been lost in translation. The intentions of the petitioner ( appellee) was to resolve this issues with very little expense. Petitioner has researched the rules and wishes of all courts and finds many forms of ADR,which based on the information available to the petitioner is highly encouraged by all courts. The courts encourage resolution attempts prior to court intervention. Nowhere can the petitioner find any court that suggest motion after motion prior to a mediation to attempt resolution. The rules and laws are very clear on procedure and guidelines, this is a very simple case should be sent to ADR, If there is a dispute in the rule or law interpretation between the parties, then allow a mediator to resolve it. This case can be solved in a half a day with a component mediator. The estate is only consist of debit as, the IRS lien issued 4-14-14 has a priority claim over all assets listed in the decree from page 3-26.

## Grounds for ADR

The last page of the document contains language that suggest Appellant is unwilling to confer or is unwilling to reach a reasonable resolution in this appeal by utilizing the methods of ADR. If appellee has misconstrued this information to appellant he sincerely apologizes. Appellee is more than willing to enter into ADR to resolve any issues in this appeal the case can be solved in less than a day by mediation.
Appellant believes ADR is the most efficient method for resolution in this appeal

  

U.S. POSTAGE
PAID
WEATHERFORD, TX
76086
AUG 24, 15
AMOUNT

$5.75

R2304E106072-12

## Grounds for Stay of appeal

The IRS has determined from there own investigation that assets listed on labeled 3 thru 26 pages of the decree charactered as community property, gifts, separate property, corporate property awarded to both parties are encumbered by the IRS lien ( attached to this motion exhibit 1) this encumbered property is non transferable without causing harm to the transferee as the lien attaches to the property by IRS rule. Both parties face over 350,000 dollars in IRS debit as of this date.

Both parties debits total over 700,000 dollars with no viable means to pay this debit. The IRS has determined that the corporate vail is pierced due to commingling of funds and is holding the appellee and appellant responsible personally for the unpaid trust fund taxes.To protect the government, the IRS has made it own determination of the assets character, to further protect the government the IRS is seeking the location of the assets.The request to Mr. Duarte to provide the location of the assets in the possession of Mr Duarte and his client go unanswered as of this date.

Mr Duarte or respondent/ appellee have no remedies to negotiate with the IRS on behalf of the corporation as neither party has ever held ownership in the corporation or its stock.There is no provision of law for a non owner of a corporation to enter into any agreements with third parties with the express written consent of the corporation. The petitioner/ appellee who owns a 100% of the corporation as listed in the charter on file with texas secretary of State, agrees with the findings of the IRS character of the property and has waived all rights to appeal the determination of the IRS decisions.

The IRS lien is a priority claim to the district courts ruling as the lien is dated 4-22-14. The IRS lien by law / code supersedes any state courts rulings. The district court has no jurisdiction over the property encumbered by the IRS lien. The judgments held against the corporation dated February 2015 in Kendall county is priority claim to assets awarded in district courts ruling on 4-15-15. The judgment held against appellee dated February 2015 is priority claim to the judgement issued 4-15-15. Appellee is more than willing to enter into any form of ADR. Appellee has contacted the Bexar county ADR center which is a free service to resolve disputes and they are willing to hear this case free of charge provided both parties agree and I state again to this court the appellee agrees 100% to attempt this method of ADR.

## Summary

The IRS lien held against the corporation, is governing rule by priority on the issue of the assets and judgment. By the IRS own investigation it has been determined property listed as assets in the decree are corporate property, unless protected by the homestead law, the assets encumbered by the lien issued 4-22-14 face seizure. The trial courts ruling over the assets is a mute point as now by the IRS determination of its own investigation , the assets character to the corporation and are encumbered by the lien. The corporation agrees with the IRS determination of character. The corporation has waived all it rights to appeal the IRS determination. The appellee has no remedy or rights to dispute the corporations position with the IRS.

## Relief

The 4th court to order Kathryn Sab by her attorney to reveal the location of all assets in her possession to the petitioner David Sab. Suspend the appeal to allow the IRS to complete its disposition of the assets. Upon completion of the disposition of the IRS lien by sale of the assets, the case is reinstated and ordered to mediation to resolve the remaining issues in mediation.

## Prayer

The court grant the relief sought based on the grounds stated or issues any order is feels is in the interest of justice in this motion or appeal.

I certify a copy of this motion was served on Demetrio Duarte on 8-21-15
I cannot certify his position

David Sab
Pro Se

Exhibit 1



**Department of the Treasury**
**Internal Revenue Service**
8700 TESORO DRIVE, RM 201
STOP 5320 SANC
SAN ANTONIO, TX 78217

**IRS**

| | |
|---|---|
| Notice | Letter 3640 |
| Notice Date | 04/28/2015 |
| Payoff Number | |
| Taxpayer ID number | 26-4483250 |
| To contact us | Call MARY T BOOZER at (210)841-2424 |
| Contact ID# | 1000645273 |

PROSOUTH CONSTRUCTION INC
550 EARL GARRETT ST STE 203
KERRVILLE, TX 78028-4577534

# The total amount due of your outstanding tax debt is: $117,977.28, computed to 05/08/2015.
# The amount owed on the tax liabilities included on the notice(s) of federal tax lien is $117,977.28.

Thank you for contacting us about paying your tax debt and having the lien(s) against you released. We previously filed Notice(s) of Federal Tax Lien on the tax liabilities listed under "Notices of lien on your tax debt" below. You also may owe other tax liabilities not included on a notice of lien. These liabilities are listed nder "Other tax debt" below.

You owe a total of $117,977.28, including interest and penalties, on all your tax debt. The amount you owe only on the lien(s) filed against your property is $117,977.28, computed to 05/08/2015.

## What you need to do immediately

To have the lien(s) released, pay the amount due by the computation date shown. The lien(s) will be released within 30 days after we receive the payment or we receive notification that the funds have been transferred to us. Follow these instructions when making your payment:

- Make your check or money order payable to the United States Treasury.
- Write the full taxpayer identification number in the header of this notice and on the check or money order.
- Send your payment to the address shown above with a copy of this letter, so that we receive it by 05/08/2015. You don't need to send the payment by express or certified mail as it won't affect the processing of the payment.

To expedite processing of the certificate of release of lien, use one of the following payment options when paying the balance owed:

- Certified or cashier's check
- Treasurer's check drawn on a national or state bank or a trust company
- Postal or bank money order

You can receive an immediate certificate of release of the lien by visiting a local IRS office authorized to accept payments and paying the entire balance owed with cash or one of the types of payment listed above. To locate an office near you, visit our website at www.irs.gov.

**Letter 3640 (4-2013)**
Catalog Number: 35216Y



**Department of the Treasury**
**Internal Revenue Service**
8700 TESORO DRIVE, RM 201
STOP 5320 SANC
SAN ANTONIO, TX 78217

| Notice | Letter 3640 |
|---|---|
| Notice Date | 04/28/2015 |
| Payoff Number | |
| Taxpayer ID number | 26-4483250 |
| To contact us | Call MARY T BOOZER at (210)841-2424 |
| Contact ID# | 1000645273 |

## Next steps

After you've paid your tax debt, see the enclosed Publication 1450, Instructions on How to Request a Certificate of Release of Federal Tax Lien, for more information on the lien release process.

If we receive your payment without a copy of this letter or in a method other than the ones listed, we'll issue Form 668(Z), Certificate of Release of Federal Tax Lien, within 30 days of receiving payment or notification of transferred funds.

You can contact the person identified at the top of this notice if you have questions.

## What you should know

A tax lien generally attaches to all property you currently own and to all property you may acquire in the future. The notice of lien is a public record. It may damage your credit rating or negatively affect your ability to get credit. The notice of lien remains in effect until the tax liability is satisfied or is no longer enforceable.

## Additional Information

- Visit www.irs.gov for general lien information and search "Federal Tax Lien".
- For tax forms, instructions, and publications, visit www.irs.gov or call 1-800-TAX-FORM (1-800-829-3676).
- Keep this notice for your records.
If you need assistance, please don't hesitate to contact us.

## Notices of lien on your tax debt

We filed notices of lien on the following tax liabilities:

Statutory Additions to: 05/08/2015

| Type of Tax | MFT | Tax Period | Identifying Number | Name Control | Unpaid Balance | Interest | Penalty | Total |
|---|---|---|---|---|---|---|---|---|
| 1120 | 02 | 12/31/2011 | 26-4483250 | PROS | $252.00 | $11.38 | $0.00 | $263.38 |
| 940 | 10 | 12/31/2011 | 26-4483250 | PROS | $415.46 | $20.46 | $44.91 | $480.83 |
| 940 | 10 | 12/31/2012 | 26-4483250 | PROS | $482.72 | $23.77 | $71.12 | $577.61 |
| 944 | 14 | 12/31/2011 | 26-4483250 | PROS | $31,963.32 | $1,574.35 | $3,455.06 | $36,992.73 |
| 944 | 14 | 12/31/2012 | 26-4483250 | PROS | $67,446.17 | $3,314.99 | $8,901.57 | $79,662.73 |

Sub-Total $117,977.28

*The tax is from 2011-2012 during the marriage period*
*this lien has been filed since 4-22-14*
*one year before trial date 4-15-15*

*DPB*

*2 of 2*

Letter 3640 (4-2013)
Catalog Number: 35216Y



**Department of the Treasury**
**Internal Revenue Service**
8700 TESORO DRIVE, RM 201
STOP 5320 SANC
SAN ANTONIO, TX 78217

| | |
|---|---|
| **Notice** | Letter 3640 |
| **Notice Date** | 04/28/2015 |
| **Payoff Number** | |
| **Taxpayer ID number** | 26-4483250 |
| **To contact us** | Call MARY T BOOZER at (210)841-2424 |
| **Contact ID#** | 1000645273 |

## Other tax debt

You owe the following liabilities but we haven't yet filed any notice of lien:

| Type of Tax | MFT | Tax Period | Identifying Number | Name Control | Unpaid Balance | Statutory Additions to: Interest | Penalty | Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Sub-Total | | $0.00 |